IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00180-MR

| | |
|---|---|
| **RAEKWON B. BRYANT,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **PAM RICH, et al.,** ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

**I.   BACKGROUND**

The pro se Plaintiff, a prisoner in the North Carolina Department of Adult Corrections (NCDAC),[1] filed the instant action pursuant to 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). [Doc. 1]. He appears to address an incident that allegedly occurred at the Bertie Correctional Institution in December 2021.[2]

---

[1] The Plaintiff also claims to be a civilly committed detainee and an immigration detainee. [Doc. 1 a 4].

[2] The Plaintiff is now incarcerated at the Marion Correctional Institution.

He names as Defendants: Pam Rich, for whom he fails to provide an employer, job title or employer, or address; FNU Demvry and Marilyn E. Beazer who are purportedly employed by the "U.S. District Court Clerk, Western District of North Carolina, Statesville Division;"[3] James Rucker, for whom the Plaintiff provides no job title or employer, whose address is listed as the Bertie CI;[4] and "Tommy Lewis (many forms)" whose job title is "KPD – in many forms" with the employer "Uncertified" located "Anywhere in North Carolina." [Doc. 1 at 1-3]. The Plaintiff asserts claims under the Eighth, Eleventh,[5] and Fourteenth Amendments for "Excessive Force and Perjury."[6] [Id. at 4]. To describe the facts underlying his claims, the Plaintiff states: "altercation; never knew him; I never knew; I wouldn't know." [Id. at 5]. As injury, he claims "bedridden, cuts, abrasions; stitches and laserations;

---

[3] The Court has no such employees. Fed. R. Evid. 201.

[4] The NCDAC website does not list an employee with that name. See https://www.dac.nc.gov/employee-directory (last accessed March 30, 2023); Fed. R. Evid. 201.

[5] It is unclear why the Plaintiff cites the Eleventh Amendment, which generally bars lawsuits against non-consenting states brought either in state or federal courts. See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996).

[6] A criminal perjury statute does not give rise to a private cause of action. See Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."); Brown v. United States, No. 5:19-CV-154-FL, 2019 WL 3753193, at *6 (E.D.N.C. May 10, 2019), *report and recommendation adopted*, 2019 WL 3783271 (E.D.N.C. Aug. 12, 2019) (recognizing that the criminal statute for perjury does not give rise to a private cause of action).

bedridden." [Id.] (errors uncorrected). He seeks $830,000 and a transfer to another prison. [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

### A. Section 1983 Claims

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

As the Fourth Circuit has explained:

> To implicate 42 U.S.C. § 1983, conduct must be fairly attributable to the State. The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions. Thus, the Supreme Court has held that private activity will generally not be deemed "state action" unless the state has so dominated such activity as to convert it into state action: [m]ere approval of or acquiescence in the initiatives of a private party is insufficient.

DeBauche v. Trani, 191 F.3d 499, 506-07 (4th Cir. 1999) (internal quotation marks and citations omitted).

The Plaintiff asserts claims against individuals whom he has failed to adequately identify, and he does not explain how they violated his rights under the color of state law. He has, thus, failed to plausibly assert that § 1983 applies. Moreover, the Plaintiff's allegations are so vague and conclusory that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim

4

showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Accordingly, the Section 1983 claims are dismissed without prejudice.

### B. Bivens Claims

A Bivens action is a judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors. See Bivens, 403 U.S. at 395-97. Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86 (1994); Dao v. Chao, 306 F.3d 170, 184 (4th Cir. 2002) (citing Meyer, 510 U.S. at 484-86) ("a Bivens action does not lie against either agencies or officials in their official capacity."). The only ostensibly federal actors in the Complaint are Defendants Demvry and Beazer, whom the Plaintiff identifies as Court employees.[7] However, the Plaintiff has asserted no factual allegations whatsoever against these Defendants. See Section A, *supra*. Moreover, quasi-judicial immunity generally applies to court support personnel. See

---

[7] See note 3, *supra*.

5

Case 5:22-cv-00180-MR   Document 8   Filed 04/17/23   Page 5 of 7

Wiley v. Buncombe County, 846 F.Supp.2d 480, 485 (W.D.N.C. Mar. 2, 2012); Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992). The Plaintiff has, accordingly, failed to state a Bivens claim against any Defendant.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim against any Defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and the Complaint is dismissed without prejudice.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff

6

Case 5:22-cv-00180-MR   Document 8   Filed 04/17/23   Page 6 of 7

fails to so amend his Complaint, the matter will be dismissed without prejudice.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: April 16, 2023

Martin Reidinger
Chief United States District Judge

7

Case 5:22-cv-00180-MR   Document 8   Filed 04/17/23   Page 7 of 7